UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JODERSON DESTYL,

                              Petitioner,                      Case # 23-CV-6021-FPG

v.

                                                                             DECISION AND ORDER

MERRICK B. GARLAND,

                              Respondent.
_____

      *Pro se* Petitioner Joderson Destyl brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention at the Buffalo Federal Detention Facility. ECF No. 1. Respondent opposes the petition. ECF No. 7. Having reviewed the record and the briefing, the Court finds that a hearing is unnecessary to resolve the petition. For the reasons that follow, the petition is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

      The following facts are taken from the record. Destyl is a native and citizen of Haiti who entered the United States through Arizona without being admitted in late March 2021. ECF No. 7-2 at 2. On April 4, 2021, a Notice to Appear was issued, charging that Destyl was subject to removal as "an alien present in the United States without being admitted or paroled, who arrived in the United States at any time or place other than as designated by the Attorney General." ECF No. 7-2 at 1. He was released on his own recognizance the same day. ECF No. 7-1 at 2. About six months later, on October 13, 2021, Destyl filed an application for Temporary Protected Status, which is still pending. *Id.*

      On April 27, 2022, local police in Hudson, New York arrested Destyl on rape and assault charges. *Id.* He was arraigned before the Columbia County Court and granted bail. ECF No. 7-1

at 2; ECF No. 7-2 at 8-9.  Immigration and Customs Enforcement ("ICE") took custody of Destyl shortly thereafter, in early May 2022.  ECF No. 7-1 at 3; ECF No. 8 at 3.

On June 12, 2022, Destyl requested a change in custody status.  ECF No. 7-1 at 3.  An Immigration Judge ("IJ") denied his request following a hearing on July 12, 2022.  ECF No. 7-2 at 20.  The IJ found that the Department of Homeland Security had "met its burden to establish by clear and convincing evidence that [Destyl] is a danger to the community and that no bond, alternatives to detention or combination thereof is sufficient to ameliorate that risk."  *Id.*

An IJ ordered Destyl's removal on December 2, 2022.  ECF No. 7-1 at 3.  On December 27, 2022, Destyl appealed the IJ's decision to the Board of Immigration Appeals ("BIA").  *Id.*  His appeal appears to remain pending before the BIA.  *See* ECF No. 1 at 2.

On January 9, 2023, Destyl filed the present petition.  ECF No. 1.  At this point, he has been detained by immigration authorities for over twelve months.

**DISCUSSION**

Destyl argues that, as a matter of procedural due process, he is entitled to a bond hearing wherein the government bears the burden of justifying his detention by clear and convincing evidence based on risk of flight or dangerousness.[1]  ECF No. 8 at 13-14.  He also argues that his ongoing detention without a hearing violates the Excessive Bail Clause of the Eighth Amendment.  *Id.* at 15.  He asks the Court to order his release, subject to home detention or location monitoring.  ECF No. 1 at 7.  Because the procedural due process claim is dispositive, the Court addresses only that claim.

In several provisions, the Immigration and Nationality Act ("INA") authorizes the detention of noncitizens[2] pending removal.  Relevant here is 8 U.S.C. § 1226, which gives

---

[1] To the extent Petitioner challenges the IJ's removal order, this Court has no jurisdiction over such a challenge.  *See* 8 U.S.C. § 1252(b)(2); *Delgado v. Quarantillo*, 643 F.3d 52, 54-55 (2d Cir. 2011).

[2] The Court uses the term "noncitizen" as equivalent to the statutory term "alien."  *Barton v. Barr*, 140 S. Ct. 1442, 1446 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

immigration officials the authority to arrest and detain a noncitizen pending a decision on whether he is "to be removed from the United States." 8 U.S.C. § 1226(a). In other words, "section 1226 governs the detention of immigrants who are not immediately deportable." *Hechavarria v. Sessions*, 891 F.3d 49, 57 (2d Cir. 2018). While Section 1226(a) permits immigration authorities to release the noncitizen pending the completion of removal proceedings, *Jennings v. Rodriguez*, 138 S. Ct. 830, 837 (2018), immigration authorities have often required the noncitizen, not the government, to prove that release is justified, *i.e.*, that he is not a risk of flight or danger to the community. *See Hemans v. Searls*, No. 18-CV-1154, 2019 WL 955353, at *9 (W.D.N.Y. Feb. 27, 2019); *Darko v. Sessions*, 342 F. Supp. 3d 429, 433 (S.D.N.Y. 2018).

Destyl, however, has already received a bond hearing with adequate procedural protections, that is, a hearing in which the government bears the burden of proving by clear and convincing evidence that he poses a flight risk or is a danger to the community. *See* ECF No. 7-2 at 20. Destyl does not appear to assert that the previous hearing was insufficient, only that he is entitled to "additional process because [of] his lengthy and ongoing detention." ECF No. 8 at 15.

As this Court has noted, "periodic custody review forms a basic procedural protection in a civil detention regime." *See Thomas v. Whitaker*, No. 18-CV-6870-FPG, 2019 WL 13217738, at *2 (W.D.N.Y. Aug. 7, 2019) (citing *Proctor v. LeClaire*, 846 F.3d 597, 610-12 (2d Cir. 2017)). "Periodic review is necessary because it ensures that the basis for detention continues to exist during the course of confinement." *Id.* (citing *Clark v. Cohen*, 794 F.2d 79, 86 (3d Cir. 1986)). As in other situations involving civil detention, "periodic custody reviews for immigration detainees are necessary to ensure that the grounds for their detention continue to exist *in fact*." *Id.* at *3 (citing *Proctor*, 846 F.3d at 609).

In light of the important safeguard that periodic custody review provides, the Court is not persuaded that, as Respondent contends, Destyl's petition must fail simply because he has "already

received a bond hearing with the burden of proof on the government by clear and convincing evidence to show that [he] posed a danger or risk of flight." ECF No. 7-3 at 1. "An immigration judge's one-time finding that [Destyl] was a . . . danger risk does not prove that he will remain such a risk in the future." *Thomas*, 2019 WL 13217738, at *3. Nor does it eliminate "the need—as a matter of basic procedural due process—for some method of periodically reviewing the grounds for [Dactyl's] continued detention." *Id.*

The question is therefore whether Destyl is constitutionally entitled to a second bond hearing at this time. In reviewing Destyl's claim, the Court applies the same standards that apply to a procedural due process claim where the petitioner has not received any bond hearing. *Id.* First, the Court first evaluates whether the petitioner's detention has been unreasonably prolonged since the last bond hearing. *Id.* (considering length of detention since last bond hearing because "as the length of detention increases, so does the likelihood of changed circumstances and the need for a fresh examination of the risks [the petitioner] poses"); *Frederick v. Feeley*, No. 19-CV-6090-FPG, 2019 WL 1959485, at *2 (W.D.N.Y. May 2, 2019) (discussing in context of detention under 8 U.S.C. § 1226(c)); *see also Hemans*, 2019 WL 955353, at *5. If the petitioner has been detained for an unreasonably long period, the Court proceeds to analyze whether the petitioner has received sufficient process to justify his continued detention. *Hemans*, 2019 WL 955353, at *5.[3]

When evaluating whether a petitioner's detention has been unreasonably prolonged, "two factors of particular importance are (1) the length of detention and (2) the reason for delay." *Vasquez-Ramos v. Barr*, No. 20-CV-6206-FPG, 2020 WL 13554810, at *4 (W.D.N.Y. June 26, 2020) (quoting *Frederick*, 2019 WL 1959485, at *2). In analyzing the length of detention, this

---

[3] Although Destyl was arrested and arraigned on state criminal charges, it is not clear from the record that he is therefore subject to mandatory detention under 8 U.S.C. § 1226(c) rather than discretionary detention under 8 U.S.C. § 1226(a). Whether he is detained pursuant subsection (a) or (c), the Court's analysis is the same. *See Adegor-Ederaine v. Garland*, No. 22-CV-6109-FPG, 2022 WL 4280812, at *2 (W.D.N.Y. Aug. 1, 2022) (conducting same two-step analysis of detention under § 1226(c)).

Court has frequently noted that after twelve months, courts become "extremely wary" of continued detention without a bond hearing. *See e.g.*, *Adegor-Ederaine*, 2022 WL 4280812, at *2; *Thomas*, 2019 WL 13217738, at *4; *Barrientos v. Barr*, No. 19-CV-6198-FPG, 2019 WL 13217223, at *2 (W.D.N.Y. July 24, 2019). But lesser periods of time may too be constitutionally suspect. In particular, the Court has noted that a period of over eight months, although falling short of the twelve-month mark to which it has often referred, "is still more than double the average length of detention in cases where, as here, the [petitioner] has appealed his removal order, according to statistics cited by [the Supreme Court in *Demore v. Kim*, 538 U.S. 510, 529 (2003)]." *Balogun v. Wolf*, No. 20-CV-6574-FPG, 2020 WL 13553495, at *5 (W.D.N.Y. Dec. 3, 2020). Accordingly, the Court has, without establishing a bright-line rule, concluded that periods ranging from eight to ten months may, depending on the circumstances, also be unreasonable. *See e.g.*, *Vasquez-Ramos*, 2020 WL 13554810, at *5 (ten months); *Balogun v. Wolf*, No. 20-CV-6574-FPG, 2020 WL 13553495, at *5 (W.D.N.Y. Dec. 3, 2020) (eight months and 23 days); *see also Frederick*, 2019 WL 1959485, at *3 (recognizing that detention lasting longer than six months is more likely to be unreasonable than a detention of less than six months and dismissing claim where petitioner held for only five months) (citing *Sigal v. Searls*, No. 18-CV-389-EAW, 2018 WL 5831326, at *5 (W.D.N.Y. Nov. 7, 2018)).

Here, the length of Destyl's detention weighs in favor of granting a hearing because over ten months have passed since his last hearing. *Vasquez-Ramos*, 2020 WL 13554810, at *5; *Balogun*, 2020 WL 13553495, at *5. Moreover, he is still in removal proceedings, and it appears that his appeal is still pending before the BIA. "It is thus all but certain that his detention will continue longer than ten months." *Vasquez-Ramos*, 2020 WL 13554810, at *4. "[P]articularly because [Destyl] is still in the administrative phase of his removal proceedings," the Court finds

that "the length of detention militates in [his] favor." *Gutierrez v. Barr*, No. 20-CV-6078-FPG, 2020 WL 2059845, at *2 (W.D.N.Y. Apr. 29, 2020).

Furthermore, the delay appears to be attributable to the normal administrative and appeals process. Although Destyl's appeal of his removal order has inevitably extended his detention, Respondent does not assert that he has abused the processes available to him or otherwise maliciously delayed proceedings, only that his appeal is meritless. *See* ECF No. 7-3 at 9-10. This is significant, as the Second Circuit distinguished those petitioners who have "substantially prolonged [their] stay by abusing the processes provided to [them]" from those who have "simply made use of the statutorily permitted appeals process." *Hechavarria*, 891 F.3d at 56 n.6. In other words, pursuit of relief from removal "does not, in itself, undermine a claim that detention is unreasonably prolonged." *Brissett v. Decker*, 324 F. Supp. 3d 444, 453 (S.D.N.Y. 2018); *see also Hemans*, 2019 WL 955353, at *6. Respondent's attempt to undermine Destyl's claim by arguing that he "holds the key that could unlock his detention by consenting to removal" rather than continuing to litigate, ECF No. 7-3 at 9, is therefore unavailing. While Destyl may not ultimately succeed on appeal, the Court will not hold the period attributable to his use of the statutorily permitted appeals process against him.

Respondent appears to further contend, without any legal support, that Destyl's criminal history weighs against finding that his detention has been unreasonably prolonged, and therefore against finding a violation of his due process rights. *See* ECF No. 7-3 at 10. The Court disagrees. Whether Destyl poses a danger to the community, as Respondent suggests, is a proper inquiry for a bond hearing; "it is not relevant to this Court's inquiry regarding the reasonableness of his civil detention." *Vasquez-Ramos*, 2020 WL 13554810, at *4.

Having considered the length of Destyl's detention since his last hearing and the reasons for the delay, the Court concludes that his procedural due process rights have been violated insofar

as he has been detained for an unreasonable period without a periodic bond hearing. *Thomas*, 2019 WL 13217738, at *4. He is therefore entitled to relief in the form of a bond hearing before an IJ with the proper procedural safeguards, namely, (1) the government must bear the burden of proving by clear and convincing evidence that he continues to and presently poses a flight risk or a danger to the community and (2) the IJ must also consider less restrictive alternatives to detention, as Destyl requests in his petition, and find that no condition or combination of conditions short of detention can reasonably assure his appearance and the safety of the community. *Id.* (citing *Fremont v. Barr*, No. 18-CV-1128-LJV, 2019 WL 1471006, at *7-8 (W.D.N.Y. Apr. 3, 2019)).

However, purely as a procedural matter, the Court agrees with Respondent that the proper respondent is Jeffrey Searls. *See* ECF No. 7-3 at 14. As the "person with direct control" over Destyl's detention, *id.*, he is the proper respondent given Destyl's requested relief. *See Hassoun v. Sessions*, No. 18-CV-586, 2019 WL 78984, at *7 (W.D.N.Y. Jan. 2, 2019) ("The majority view in the Second Circuit requires the immediate custodian, generally the prison warden, to be named as a respondent in core immigration habeas proceedings—*i.e.*, those challenging present physical confinement." (citations omitted)); *see also Adegor-Ederaine*, 2022 WL 4280812, at *2 ("[T]he only proper respondent is Jeffrey Searls, Officer-in-Charge of the Buffalo Federal Detention Facility."). Searls should therefore be substituted for Garland as Respondent in this action.

## CONCLUSION

For the foregoing reasons, Petitioner is entitled to habeas relief under 28 U.S.C. § 2241 and the petition, ECF No. 1, is GRANTED IN PART and DENIED IN PART. The Clerk of Court shall substitute Jeffrey Searls for Respondent Garland. The Petition is granted against Respondent Searls and is denied with respect to the remaining respondents.

On or before June 9, 2023, Respondent Searls shall hold a bond hearing for Petitioner before an IJ, at which the government bears the burden of proving by clear and convincing evidence that Petitioner's continued detention is justified based on his present risk of flight or danger to the community. To conclude that detention is justified, the IJ must also find that no less restrictive alternative to detention that could reasonably assure his appearance and the safety of the community exists. If a bond hearing is not held on or before June 9, 2023, Respondent Searls shall release Petitioner immediately with appropriate conditions of supervision. By June 13, 2023, Respondent Searls shall file a notice with this Court certifying either (1) that a bond hearing was held by the applicable deadline and the outcome thereof, or (2) that no bond hearing was held and that Petitioner was released with appropriate conditions of supervision.

IT IS SO ORDERED.

Dated: May 23, 2023
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York